THIS OPINION IS A
PRECEDENT OF THE TTAB

Mailed: January 12, 2023

UNITED STATES PATENT AND TRADEMARK OFFICE

———

Trademark Trial and Appeal Board

———

*In re Advanced New Technologies Co., Ltd.*

———

Application Serial No. 86832288

———

Jeffrey L. Costellia and Alexis P. Grilli of Nixon Peabody LLP,
  for Advanced New Technologies Co., Ltd.

Mark Sparacino, Trademark Examining Attorney, Law Office 103,
  Stacy Wahlberg, Managing Attorney.

———

Before Taylor, Bergsman, and Heasley,
  Administrative Trademark Judges.

Opinion by Bergsman, Administrative Trademark Judge:

Advanced New Technologies Co., Ltd. ("Applicant") seeks registration on the

Principal Register of the mark ZHIMA (in standard characters) for a wide variety of

goods and services in International Classes 9, 16, 35, 36, 38, 39, 41, 42, and 45.[1]

---

[1] Application Serial No. 86832288 was filed on November 25, 2015, under Section 1(b) of the Trademark Act, 15 U.S.C. § 1051(b), based upon Applicant's stated bona fide intention to use the mark in commerce and with a claim of priority under Section 44(d) of the Trademark Act, 15 U.S.C. § 1126(d), based on Hong Kong Application No. 303607551 filed November 25, 2015.

In its August 19, 2016 Response to an Office Action, Applicant submitted a copy of its Hong Kong registration and changed its filing basis to Section 44(e) of the Trademark Act, 15 U.S.C. § 1126(e), while keeping the Section 1(b) filing basis. Subsequently, in its January 31, 2019 Response to an Office Action, Applicant deleted the Section 1(b) filing basis.

The Examining Attorney refused to register Applicant's mark because Applicant did not submit a translation of ZHIMA as required pursuant to Trademark Rule 2.32(a)(9), 37 C.F.R. § 2.32(a)(9). According to the Examining Attorney, "[a] translation statement is required because ZHIMA is a foreign word that means 'sesame' in English."[2] Applicant contends that a translation statement is not required because, although "Zhima" is a transliteration of the Chinese characters for the word "sesame," the word "Zhima" itself is a coined term without any meaning.[3]

Trademark Rule 2.32(a)(9), 37 C.F.R. § 2.32(a)(9), reads as follow:

> The application must be in English and include the following: …
>
> (9) If the mark includes non-English wording, an English translation of that wording.

The TRADEMARK MANUAL OF EXAMINING PROCEDURE (TMEP) § 809.01 (2022) explains that a translation of non-English wording is required for proper examination because the foreign equivalent of an English term may be regarded in the same way as the English term for purposes of determining descriptiveness, requiring a disclaimer, and citing marks under Section 2(d) of the Trademark Act, 15 U.S.C. § 1052(d).

> The examining attorney may obtain the meaning of non-English wording through sources such as foreign language

---

[2] Examining Attorney's Brief (44 TTABVUE 5).

When we cite to the prosecution history, we refer to the USPTO Trademark Status and Document Retrieval (TSDR) system. When we cite to the briefs, we refer to TTABVUE, the Board's online docket system.

[3] Applicant's Brief, p. 4 (37 TTABVUE 18) ("Applicant's Mark is not a foreign word, is not in non-Latin characters which require transliteration, and does not have a direct translation in English.").

dictionaries and search engines. The examining attorney may also consult the Trademark Librarian or the Translations Branch, as appropriate.

If research by the examining attorney, the Trademark Library, and/or the Translations Branch indicates that the term has no meaning or no clear and exact equivalent in a foreign language, although no inquiry regarding the meaning in a foreign language is necessary, the examining attorney has the discretion under 37 C.F.R. § 2.61(b) to make such an inquiry. If no inquiry is made, the examining attorney must enter a Note to the File in the record indicating that the term was checked for a translation. In such cases, a statement regarding meaning must not be entered for publishing in the *Trademark Official Gazette*. See TMEP § 809.01(a) regarding when an inquiry is made.

If the examining attorney determines the meaning of the non-English term(s), he or she must search the terms as they appear in the application, the transliterated terms, and the English translation(s) for the terms, as applicable. The examining attorney must also require (under 37 C.F.R. § 2.61(b)) that an accurate translation be made of record by the applicant using the researched translation or other accurate translation provided by applicant. If the applicant disputes a translation obtained through online resources, the examining attorney should supplement the record with evidence from the Trademark Librarian and/or the Translations Branch.

TMEP § 809.01. *Cf. In re Sadoru Grp., Ltd.*, 105 USPQ2d 1484, 1485 (TTAB 2012) ("The word 'sadoru' is, as applicant's submitted translation shows, the Japanese word for 'saddle.' Under the doctrine of foreign equivalents, we must consider the meaning of the mark to those who speak Japanese. (internal citation omitted). The doctrine is applicable in this case because the record shows that the relevant English translation is literal and direct, the word comes from a common, modern language, and there is no contradictory evidence of another relevant meaning.").

The original applicant is Alibaba Group Holding Limited. On September 23, 2019, Alibaba Group Holding Limited assigned its entire interest in the mark and application to Advanced New Technologies Co., Ltd., the applicant of record. Applicant recorded the assignment in the USPTO on November 3, 2020, at reel 7094, frame 0446.

As background to the later discussion of some third-party evidence regarding the meaning and use Applicant's proposed mark, Ali Baba is the hero of the Arabian Nights story Ali Baba and the Forty Thieves.[4] "In the story, Ali Baba is a poor woodcutter who discovers the secret of a thieves' den, entered with the phrase 'Open Sesame.'"[5]

The term "Open Sesame" has come to mean, inter alia, "a marvelous or irresistible means of securing access to what would normally be inaccessible."[6] Thus, the use of the Chinese word for "Sesame" for the wide variety of goods and services identified its application creates the commercial impression that Applicant is offering access to what was previously inaccessible (i.e., all of Applicant's goods and services). *See* "China's social credit score and Big Brother 2.0: the trustworthy get perks, the discredited get punished," (Richardvanhooijdon.com/blog/) (March 2, 2018) ("As part of its service, Alipay offers its users Zhima Credit, or Sesame Credit, a bit of Chinese

---

[4] January 3, 2018 Office Action (TSDR 31-61).

[5] Wikipedia.org attached to the January 3, 2018 Office Action (TSDR 57).

[6] OXFORD ENGLISH DICTIONARY (OED.com) attached to the January 3, 2018 Office Action (TSDR 28). *See also* THE AMERICAN HERITAGE DICTIONARY OF THE ENGLISH LANGUAGE (ahdictionary.com) attached to the January 3, 2018 Office Action (TSDR 26) ("a simple trusty means of attaining a goal. From the magical formula Open Sesame, used by Ali Baba in the Arabian Nights to open the door of the robbers' cave.").

language wordplay that connects Zhima, or 'sesame,' to its parent company Alibaba and the 'open sesame' of 'Ali Baba and the 40 Thieves.'");[7] Wired (January 2018) provides the following:

> One day a new icon appeared on Liu's Alipay home screen. It was labeled Zhima Credit (or Sesame Credit). The name, like that of Alipay's parent company, evoked the story of Ali Baba and the 40 thieves, in which the words open sesame magically unseal a cave full of treasure.[8]

In Applicant's co-pending application Serial No. 86171237 for the mark consisting of the Chinese characters 芝麻, Applicant entered the following transliteration and translation statements:

> The mark consists of the non-Latin characters that transliterate to "ZHIMA."
>
> The non-Latin characters in the mark translate to "ZHIMA" and this means "SESAME" in English.[9]

According to Applicant, this "demonstrates that it is the Chinese characters which translate to 'sesame' and that 'zhima' is merely a transliteration/pronunciation of these Chinese characters."[10] In other words, according to Applicant the Chinese characters 芝麻 pronounced ZHIMA mean "sesame," but "Zhima" itself has no meaning.

---

[7] November 20, 2020 Denial of Request for Reconsideration (TSDR 223).

[8] March 5, 2019 Office Action (TSDR 343).

[9] July 3, 2018 Request for Reconsideration (TSDR 11 and 51). Serial No. 86171237 was filed on January 21, 2014. The application is subject to Opposition No. 91242279.

[10] July 3, 2018 Request for Reconsideration (TSDR 11).

Based on the information from the Chinese English Pinyin[11] Dictionary (yabla.com), the Examining Attorney required Applicant to submit a translation statement that ZHI MA means "Sesame" in English. We reproduce below the relevant portion of the Chinese English Pinyin Dictionary:[12]

Although Applicant concedes that when ZHI and MA are joined together, the "transliteration could be 'Sesame' in Chinese characters, it argues that such a connection is so remote that it does not negate the fact that ZHIMA is a coined word without English translation."[13] Applicant concludes that "those familiar with both the Chinese and English languages would never transliterate 'ZHI MA' as

"芝麻," which actually *does* translate to 'Sesame.'"[14]

---

[11] We take judicial notice that Pinyin is defined as "[a] system for transcribing the pronunciation of the standard variety of Mandarin using the Roman alphabet, officially adopted by the People's Republic of China in 1979." THE AMERICAN HERITAGE DICTIONARY OF THE ENGLISH LANGUAGE (dictionary.com) (accessed on January 6, 2023). *Univ. of Notre Dame du Lac v. J.C. Gourmet Food Imp. Co.*, 213 USPQ 594, 596 (TTAB 1982), *aff'd*, 703 F.2d 1372, 217 USPQ 505 (Fed. Cir. 1983) (the Board may take judicial notice of dictionary definitions); *In re Red Bull GmbH*, 78 USPQ2d 1375, 1377 (TTAB 2006) (judicial notice of online dictionaries that exist in printed format or regular fixed editions).

[12] June 1, 2017 Office Action (TSDR 4).

[13] December 1, 2017 Response to an Office Action (TSDR 6).

[14] December 1, 2017 Response to an Office Action (TSDR 7-8).

Finding Applicant's argument unpersuasive, the Examining Attorney submitted the following Chinese English dictionaries defining ZHIMA as sesame or sesame seed:

● Pin Pin Chinese Dictionary (dictionary.pinpinchinese.com/search/t/Zhima) reproduced below:[15]



● ABC Chinese-English Dictionary (1996) reproduced below:[16]



● The Oxford Chinese Dictionary (2010) reproduced below:[17]



● Arch Chinese Dictionary (archchinese.com) reproduced below:[18]

[ zhīma ] sesame (seed)
芝麻

● Collins Chinese English Dictionary (collinsdictionary.com/english-chinese/sesame) reproduced below:[19]

---

[15] January 3, 2018 Office Action (TSDR 6).

[16] January 3, 2018 Office Action (TSDR 10).

[17] January 3, 2018 Office Action (TSDR 13).

[18] January 3, 2018 Office Action (TSDR 14).

[19] January 3, 2018 Office Action (TSDR 17). *See also id.* at TSDR 18 and 20.



● Chinese-Tools.com reproduced below:[20]



● MDBG English to Chinese Dictionary (mdbg.net/Chinese/) reproduced below:[21]



● YellowBridge Mandarin-English Dictionary & Thesaurus (yellowbridge.com)

reproduced below:[22]



---

[20] January 3, 2018 Office Action (TSDR 22).

[21] January 3, 2018 Office Action (TSDR 24).

[22] January 3, 2018 Office Action  (TSDR 25).

Applicant concedes that the dictionary evidence the Examining Attorney

submitted shows that the Chinese characters 芝麻 translate to, inter alia, "sesame" and that the Chinese characters transliterate or are pronounced "zhima" or "zhi ma." Nevertheless, Applicant asserts that the dictionary evidence "does not in fact show that the Latin Characters ZHIMA is translated to the English word 'sesame' nor that ZHIMA has any meaning at all."[23] That is, according to Applicant, the dictionaries are defining the Chinese characters, not the English transliteration because a transliteration cannot be defined.[24]

Applicant argues, in essence, that while the Chinese characters pronounced ZHIMA means "sesame," ZHIMA, in and of itself, has no meaning. This is because "the Latin characters 'zhima' or 'zhi ma' merely represent the transliteration/sounds of particular Chinese characters that are not part of the mark as filed" (i.e., ZHIMA). Without the Chinese characters, ZHIMA has no meaning.[25]

In response to this argument, the Examining Attorney changed the requirement for a translation statement to read as follows: "ZHIMA is a transliteration of Chinese characters that mean 'sesame' in English."[26]

Applicant refused to submit the required statement for the following reasons:

---

[23] July 3, 2018 Request for Reconsideration (TSDR 9).

[24] July 3, 2018 Request for Reconsideration (TSDR 10) ("These phonetic pronunciations are mere Latin [character] representations of the pronunciation of the defined words but are not themselves defined in any way.").

[25] July 3, 2018 Request for Reconsideration (TSDR 11).

[26] September 4, 2018 Office Action (TSDR 1-2).

1. There are no Chinese characters (or other non-Latin characters) in Applicant's Mark;

2. A purported meaning of Chinese characters (or any non-Latin characters of even designs or stylizations) cannot be attached to a mark that <u>does not contain such characters</u>);

3. Even if similar lettering is used as a transliteration of Chinese characters, Applicant's Mark, ZHIMA – the only wording at issue – is <u>not</u> a *transliteration* of Chinese characters;

4. Applicant's Mark ZHIMA is <u>not</u> a *translation* of Chinese characters;

5. Applicant's Mark <u>does not</u> mean "sesame" in English;

6. There is <u>no</u> logical or acceptable reason to ascribe the meaning of any Chinese characters to Applicant's Mark. Applicant's <u>Latin-character</u> Mark is a coined word with no translation in a foreign language or meaning which can be attributed.[27]

Applicant concludes that ZHIMA is a coined term, not a foreign word; therefore, a translation/transliteration statement is not necessary.[28]

In response, the Examining Attorney submitted news articles retrieved from the LexisNexis database referring to "Zhima" as the Chinese term for "Sesame." We reproduce below relevant excerpts from illustrative articles:

● The Roanoke Times (July 2, 2017)

> Kid's Planetarium Show: "One World, One Sky: Big Bird's Big Adventure"
>
> The show follows "Sesame Street's" Big Bird and Elmo as they explore the night sky with Hu Hu Zhu, a Muppet from Zhima Jie, the Chinese co-production of "Sesame Street."

---

[27] January 31, 2019 Response to an Office Action (TSDR 6-7) (emphasis in the original).

[28] January 31, 2019 Response to an Office Action (TSDR 7).

> Together, they take an imaginary trip from Sesame Street to the moon, where they discovery how different it is from Earth.[29]

● The Seattle Times (March 14, 1997)

> Roving well beyond their neighborhood, Big Bird and the Cookie Monster are headed to Shanghai to delight Chinese youngsters in a local version of "Sesame Street."
>
> Unlike dubbed versions of the acclaimed children's program, "Zhima Jie" – Chinese for "Sesame Street" – will be completely created, written and produced by Chinese educators and TV professionals, based on Chinese culture and social environment.[30]

● HollywoodReporter.com (December 15, 2010)

> Ye worked on the original Chinese Sesame Street, known, in literal translation, as Zhima Jie.[31]

● Euromoney (May 2017)

> But the most interesting is Sesame Credit, known domestically as Zhima Credit.[32]

● South China Morning Post (January 4, 2018)

---

[29] March 5, 2019 Office Action (TSDR 48-49). *See also id.* at TSDR 54, 60, 70, 80, 85, 89, 109, 115, 120, 131, 146, 168, 178, 183, 192, 194, 206, 212. These additional articles are needlessly cumulative.

[30] March 5, 2019 Office Action (TSDR 82). *See also id.* at TSDR 83, 180, 182, 185, 230.

[31] March 5, 2019 Office Action (TSDR 251).

[32] March 5, 2019 Office Action (TSDR 260). According to the Wikipedia.org entry for Zhima Credit, "Zhima Credit … also known as Sesame Credit, is a private credit scoring and loyalty program system developed by Ant Financial Services (AFSG), an affiliate of the Chinese Alibaba Group." November 20, 2020 Denial of Request for Reconsideration (TSDR 193). *See also* TechNode website (technode.com) ("Ant Financial, Alibaba's finance arm, has begun beta testing the long-awaited Sesame Credit ('Zhima Xinyong' in Chinese), the user data-based online credit scoring service."). *Id.* at TSDR 204; China Economic Review website (chinaeconomicreview.com) (January 2, 2020) ("The scoring system is similar to the rating system of Zhima Credit, also known in English as Sesame Credit, a service of Alibaba's Ant Financial Services Group, launched in 2015.").

However, the landing page of the report had a box that was checked by default, consenting to the "Zhima Credit Service Agreement" that is required to use Ant Financial's third-party credit scoring system. Users who did not notice the checked box would have agreed by default to opt into the Zhima Credit scoring system, known as Sesame Credit outside China.[33]

● Global Times (China) (January 5, 2018)

Risks including privacy violation and payment safety are rising in China's fast-growing mobile payment sector, and authorities are expected to tighten regulation by employing technology, experts noted. Their warning came after Sesame Credit (also known as Zhima Credit), a credit-scoring system operated by Alibaba's subsidiary Ant Financial allegedly violated users' privacy.[34]

● The Business Times Singapore (March 5, 2018)

The score is produced by e-retail giant turned e-bank, Alibaba, by an application called Sesame or Zhima.[35]

● China Daily – US Edition (September 13, 2018)

There isn't just a single credit system, there are several. One of them is Alibaba's Sesame Credit, also known as Zhima, which isn't very different from a loyalty program – you spend money on Alibaba's platform and gain rewards.[36]

The Examining Attorney also submitted a screen shot from the Alibaba.com website advertising sesame powder as "Zhima Powder."[37] In addition, the Examining Attorney submitted numerous screen shots from third parties advertising or

---

[33] March 5, 2019 Office Action (TSDR 275).

[34] March 5, 2019 Office Action (TSDR 336).

[35] March 5, 2019 Office Action (TSDR 357).

[36] March 5, 2019 Office Action (TSDR 376).

[37] October 15, 2019 Denial of Request for Reconsideration (TSDR 20 and 31).

discussing ZHIMA or ZHI MA sesame products. Representative examples are listed below:

● Walmart.com website advertises Bai Zhi Ma or white sesame seeds;[38]

● The Mala Market website (themalamarket.com) advertises "Chinese sesame paste (Zhi Ma Jiang)";[39]

● Sacred Lotus website (sacredlotus.com) advertises "Hei Zhi Ma (Black Sesame Seeds)";[40]

● The TCM China Travel website (tcmchinatravel.com) advertises "Black Sesame Seeds – Hei Zhi Ma 黑芝麻";[41]

● The Lian website (lian.ch/en-CH/) advertises Hei Zhi Ma or black sesame seeds;[42]

● The Golden Needle website (goldenneedleonline.com) advertises Hei Zhi Ma. The screen shot identifies the Chinese name as Hei Zhi Ma and the English name as Black Sesame Seed;[43]

---

[38] October 15, 2019 Denial of Request for Reconsideration (TSDR 53). *See also* the 1st Chinese Herbs website (1stchineseherbs.com) providing information about "Bai Zhi Ma (White Sesame Seed)." *Id.* at TSDR 82.; Jade Institute website (jadeinstitute.com) discussing Hei Zhi Ma or black sesame seed used in Chinese medicine. *Id.* at TSDR 95.

[39] November 20, 2020 Denial of Request for Reconsideration (TSDR 11).

[40] November 20, 2020 Denial of Request for Reconsideration (TSDR 15).

[41] November 20, 2020 Denial of Request for Reconsideration (TSDR 42).

[42] November 30, 2020 Denial of Request for Reconsideration (TSDR 63).

[43] November 20, 2020 Denial of Request for Reconsideration (TSDR 168).

● Spicy Element website (spicyelement.com) advertising sesame paste or Zhi Ma Jiang. The website provides that Sesame paste is also known as Zhi Ma Jiang;[44]

● Amazon.com website advertising "Hei Zhi Ma – Black Sesame";[45]

● The Taste Atlas website (tasteatlas.com) describes Zhi ma bao or black sesame baozi. The website explains that "Zhi ma bao is a Chinese steamed bun (baozi) filled with black sesame paste";[46]

● The Omnivore's Cookbook website (omnivorescookbook.com) states that "Chinese Sesame Paste (芝麻酱, zhī ma jiàng) is also known as roasted sesame paste";[47]

● Fuchsia Dunlop, "Sichuan Cookery" at <eatyourbooks.com> provides a recipe for "Beef slivers with sesame seeds (Zhi ma niu rou si)."[48]

As explained above, Applicant contends that the requirement for a translation statement is erroneous because "while it is correct to say 芝麻 is pronounced as 'zhima', and that the Chinese characters 芝麻 mean 'sesame', it is incorrect to say 'zhima' means sesame."[49] This is because "the pronunciation 'zhima' can in fact be for

---

[44] November 20, 2020 Denial of Request for Reconsideration (TSDR 24).

[45] November 20, 2020 Denial of Request for Reconsideration (TSDR 26).

[46] November 20, 2020 Denial of Request for Reconsideration (TSDR 33). *See also* Cooking in Chinglish website (cookinginchinglish.com) providing the recipe for "Hedgehog Black Sesame Bun (Zhi Ma Bao)." *Id.* at TSDR 73.

[47] November 20, 2020 Denial of Request for Reconsideration (TSDR 65).

[48] November 20, 2020 Denial of Request for Reconsideration (TSDR 148).

[49] Applicant's Reply Brief, p. 2 (45 TTABVUE 3).

**numerous** different Chinese characters that taken together do not mean 'sesame'...."[50]

However, the evidence, viewed as a whole, establishes that ZHIMA is a transliteration of a Chinese word that means "Sesame." The extensive third-party use contradicts Applicant's argument that it "coined" the term. *Cf. In re Aquamar, Inc.*, 115 USPQ2d 1122, 1125 (TTAB 2015) (rejecting applicant's argument that its mark MARAZUL is "unitary and inseparable" where, among other things, "mar azul" was "shown to have a specific meaning consistent with [a]pplicant's goods") (footnote and citations omitted); *In re Perez,* 21 USPQ2d 1075, 1076 (TTAB 1991) (rejecting applicant's argument that the Spanish word "gallo" has meanings other than "rooster" where applicant used the mark in commerce "with a prominent representation of a rooster"); TMEP § 809.02 ("The determination of the appropriate translation often requires consideration of the meaning in relation to the goods and/or services.") (citations omitted). Instead, as a transliteration, it is the representation or spelling of the Chinese word in the Latin-character alphabet used in the U.S., consistent with China's official romanization system of the Chinese written language into English (i.e., Pinyin). As the TMEP explains, "[i]n order to properly examine applications with non-English wording, the translation and transliteration of the non-English wording must be determined prior to performing a search of the mark. As noted above, this is critical because the foreign equivalent of an English term may be regarded in the same way as the English term for purposes of determining

---

[50] Applicant's Reply Brief, p. 3 (45 TTABVUE 4).

descriptiveness, requiring a disclaimer, and citing marks under §2(d) of the Act." TMEP § 809.01. *See also First Int'l Servs. Corp. v. Chuckles, Inc.,* 5 USPQ2d 1628, 1635 (TTAB 1987) ("It is obvious that a transliterated word can still have a meaning even if the native speaker cannot read the alphabet in which the transliteration appears.").

The proper context for our finding that ZHIMA must be considered a foreign term requiring translation includes the following:

● The original applicant, Alibaba Group Holding Limited is seeking to use and register ZHIMA to evoke the story of Ali Baba and the 40 thieves, in which the words "open sesame" magically unseal a cave full of treasure or, by analogy, Applicant's goods and services;

● In its co-pending application to register 芝麻, Applicant entered the statement that "[t]he non-Latin characters in the mark translate to 'ZHIMA' and this means 'SESAME' in English";

● Applicant's website Alibaba.com advertises sesame powder as "Zhima Powder";[51]

● The Chinese-English dictionaries of record translate "ZHIMA," inter alia, as "Sesame";

● The numerous news articles of record refer to "Zhima" as meaning "Sesame," notably, the China Daily – US Edition (September 13, 2018) reported that Alibaba's

---

[51] October 15, 2019 Denial of Request for Reconsideration (TSDR 20 and 31).

Sesame Credit is also known as Zhima.[52] *See also* the South China Morning Post (January 4, 2018),[53] the Global Times (China) (January 5, 2018),[54] and The Business Times Singapore (March 5, 2018),[55] all referring to Sesame Credit as Zhima Credit; and

● Numerous third-party websites advertise Zhima or Zhi Ma as a sesame product.

Accordingly, on this record we find the Examining Attorney has established, and Applicant has not disproven, that ZHIMA is used and recognized as the Chinese word for "Sesame" and that Applicant improperly refused to comply with the requirement to enter a translation statement. "[T]he failure to comply with a requirement established by the Trademark Rules of Practice (37 C.F.R. Part 2, §2.1 et. seq.) is itself a proper ground for refusal of registration, even if it is the only outstanding refusal or requirement." *In re Rainier Enters., LLC*, 2019 USPQ2d 463361, at \*1 (TTAB 2019); *see also* Trademark Act Section 1(a)(4), 15 U.S.C. § 1051(a)(4) ("The applicant shall comply with such rules or regulations as may be prescribed by the Director.").[56]

---

[52] March 5, 2019 Office Action (TSDR 376).

[53] March 5, 2019 Office Action (TSDR 275).

[54] March 5, 2019 Office Action (TSDR 336).

[55] March 5, 2019 Office Action (TSDR 357).

[56] Trademark Rule 2.142(g), 37 C.F.R. § 2.142(g), provides that "[a]n application which has been considered and decided on appeal will not be reopened except for the entry of a disclaimer under section 6 of the Act of 1946 or upon order of the Director, but a petition to the Director to reopen an application will be considered only upon a showing of sufficient cause for consideration of any matter not already adjudicated." Therefore, we may not simply enter a translation statement on behalf of Applicant.

**Decision**: We affirm the refusal to register Applicant's mark ZHIMA on the ground that Applicant did not comply with the requirement to enter a translation statement.